

SEALED
REDACTED COPY

**FILED**
November 01, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.



(9) ASHLEY MARIE ARRIAGA
aka "ASHLEY ZAVALA"

Defendants.

5:23-CR-00306-JKP

**Superseding Indictment**

**COUNT 1: 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)**
Conspiracy to Possess with Intent to Distribute Fentanyl

**COUNT 2: 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)**
Conspiracy to Possess with Intent to Distribute Methamphetamine

**COUNT 3: 18 U.S.C. § 1956(h)**
Conspiracy to Commit Money Laundering

**COUNT 4: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2**
Possession with Intent to Distribute Methamphetamine

**COUNTS 5-6: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)/(C) & 18 U.S.C. § 2**
Possession with Intent to Distribute Fentanyl

**COUNT 7-8: 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)/(C) & 18 U.S.C. § 2**
Possession with Intent to Distribute Methamphetamine

**COUNT 9: 18 U.S.C. §§ 1028(a)(7) & (b)(3)(A) & 18 U.S.C. § 2**
Identity Theft

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. The ▮▮▮▮ Drug Trafficking Organization ▮▮▮▮ DTO) trafficked fentanyl, methamphetamine, and synthetic cannabinoids into Texas Department of Criminal Justice correctional facilities across Texas, using correctional officers and the mail to smuggle narcotics, cellphones, and other contraband into the correctional facilities.

2. The leader of the organization, ▮▮▮▮, is an inmate incarcerated at the TDCJ James V Allred Unit located in North Iowa Park, Texas. To direct and coordinate the organization's drug trafficking activity, ▮▮▮▮ and other inmates, such as ▮▮▮▮ ▮▮▮▮, used contraband cellphones that had been smuggled into the correctional facilities.

3. ▮▮▮▮ DTO obtained its narcotics from multiple different sources of supply. One source of supply, ▮▮▮▮, supplied the DTO with bulk amounts of liquid fentanyl and fentanyl-soaked paper sheets. Another, a Mexico-based source of supply, supplied the DTO with kilogram-quantities of fentanyl and methamphetamine.

4. To smuggle narcotics into correctional facilities, the ▮▮▮▮ DTO employed correctional officers working at the facilities, such as ▮▮▮▮, ▮▮▮▮ ▮▮▮▮. The correctional officers would meet with non-incarcerated members of the ▮▮▮▮ DTO, such as ▮▮▮▮ and ▮▮▮▮ receive narcotics, cellphones, and other contraband. The correctional officers would then smuggle the narcotics and contraband into the correctional facilities where they worked. These correctional officers were often paid thousands of dollars for their smuggling services.

5. During the dates in this Indictment, correctional officers employed by the ▮▮▮▮ DTO attempted to smuggle narcotics into TDCJ correctional facilities on the following occasions:



a. On November 29, 2022, at ▮▮▮ ▮▮ ▮▮▮▮ ▮ delivered about 391 grams of methamphetamine to Correctional Officer #1 at a gas station in Karnes City, Texas. Correctional Officer #1 intended to smuggle the methamphetamine into the John B. Connally Unit in Karnes County, Texas.

b. On February 13, 2023, in a deal arranged by ▮▮▮ ▮▮ ▮▮▮ ▮ ▮▮▮▮ delivered about 738 grams of fentanyl-soaked paper sheets, which she had received from ▮▮▮▮ to Correctional Officer ▮▮▮▮. ▮ intended to smuggle the fentanyl paper into the Allred Unit.

c. On May 28, 2023, at ▮▮▮▮, ▮ ▮▮▮ ▮ delivered about 407.5 grams of methamphetamine, multiple cellphones, and $6,500 in United States currency to Correctional Officer ▮▮▮▮▮▮. ▮▮▮ intended to smuggle the methamphetamine and cellphones into the Allred Unit.

6. ▮ ▮▮ DTO also used the mail to smuggle narcotics and other contraband into prisons. Non-incarcerated members of the DTO, such as ▮▮▮▮, ▮▮▮▮, Ashley Marie Arriaga, ▮▮▮▮▮▮ ▮▮ ▮▮ would package drug-soaked sheets of paper and mail them to inmates who were members or customers of the ▮ DTO.

7. These non-incarcerated members of the DTO also prepared the drug-soaked sheets of paper, which would be soaked in fentanyl, synthetic cannabinoids, or a mixture of narcotics. To do so, these members used their residences as stash houses where they would soak sheets of paper with liquid narcotics and store bulk quantities of narcotics prior to distribution. During the dates of this Indictment, DEA agents seized the following narcotics from stash houses operated by the ▮ DTO:



    a. On ▇▇▇▇, DEA agents seized 410.8 grams of paper sheets soaked with fentanyl and synthetic cannabinoids, 33 grams of paper sheets soaked with heroin and synthetic cannabinoids, 254.6 milliliters of liquid synthetic cannabinoids, fentanyl-sheet manufacturing materials, and envelopes addressed to TDCJ inmates from the residence of ▇▇▇▇▇▇ in ▇▇▇▇.

    b. On ▇▇▇ DEA agents seized 111 grams of paper sheets soaked with fentanyl and synthetic cannabinoids, 91 grams of paper sheets soaked with heroin and synthetic cannabinoids, and fentanyl-sheet manufacturing materials from the residence of ▇▇▇▇ in ▇▇▇▇.

8. Inmate members of the ▇▇▇ DTO would sell the narcotics smuggled into their correctional facilities to other inmates. Members of the ▇▇▇ DTO could sell a single sheet of drug-soaked paper for up to $1,000 once smuggled into the correctional facility.

9. To receive payment for the narcotics that they distributed, inmate members of the ▇▇▇ DTO used peer-to-peer payment platforms, such as CashApp and Zelle. The inmates would then use these peer-to-peer payment platforms to transfer the narcotics proceeds to non-incarcerated members of the DTO who would deposit the funds into banks. During the dates in the Indictment, ▇▇▇▇▇▇ transferred about $332,854.02 to her JPMorgan Chase bank account from peer-to-peer payment platforms.

## COUNT ONE
### [Conspiracy to Possess with Intent to Distribute Fentanyl]
### [21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)]

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Eastern District of Texas, the Northern

District of Texas, the Southern District of Texas, and elsewhere, Defendants,



(9) ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA",

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others, to commit the following offense against the United States: possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), & (b)(1)(A)/(C).

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing a controlled substance involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY |
|---|---|
| ███████████████ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| ███████ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| ███████████████ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |

| | |
|---|---|
| ▮▮▮ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| ▮▮ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| ▮▮ | 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; |
| (9) Ashley Marie Arriaga | A mixture or substance containing a detectable amount of fentanyl; |
| ▮▮ | A mixture or substance containing a detectable amount of fentanyl; |
| ▮▮▮ | A mixture or substance containing a detectable amount of fentanyl; |
| ▮▮ | A mixture or substance containing a detectable amount of fentanyl; |
| ▮▮▮▮ | A mixture or substance containing a detectable amount of fentanyl; |

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO
**[Conspiracy to Possess with Intent to Distribute Methamphetamine]**
**[21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)/(C)]**

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Northern District of Texas, and elsewhere, Defendants,



▮▬▬▬▬▬▬▬▬▬▬▬▬▬▮

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others, to commit the following offense against the United States: possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), & (b)(1)(A)/(C).

### QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing a controlled substance involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY |
| --- | --- |
| ▬▬▬▬▬▬▬ | A mixture of substance containing a detectable amount of methamphetamine; |
| ▬▬▬▬▬ | 50 grams or more of methamphetamine; |
| ▬▬▬ | ▬▬▬ or more of methamphetamine; |
| ▬▬▬▬ | 50 grams or more of methamphetamine; |
| ▬▬▬▬ | 50 grams or more of methamphetamine; |
| ▬▬▬▬▬ | 50 grams or more of methamphetamine; |

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
### [Conspiracy to Commit Money Laundering]
### [18 U.S.C. § 1956(h)]

That beginning on or about January 2022, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, the Northern District of Texas, the Southern District of Texas, and elsewhere, Defendants,



**(9) ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA",**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others, to commit the following offenses against the United States in violation of Title 18, United States Code, Section 1956, that is, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute fentanyl and methamphetamine, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), all in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR
### [Possession with Intent to Distribute Methamphetamine]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about November 29, 2022, in the Western District of Texas, Defendants,



aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 50 grams or more of

methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FIVE
### [Possession with Intent to Distribute Fentanyl]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about February 12, 2023 through February 13, 2023, in the Western and Northern Districts of Texas, Defendants,



aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIX
### [Possession with Intent to Distribute Fentanyl]
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(C) & 18 U.S.C. § 2]

That on or about February 12, 2023 through February 13, 2023, in the Western and Northern Districts of Texas, Defendants,



aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States

Code, Sections 841(a)(1) & (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SEVEN
[Possession with Intent to Distribute Methamphetamine]
[21 U.S.C. §§ 841(a)(1) & (b)(1)(A) & 18 U.S.C. § 2]

That on or about May 27 to May 28, 2023, in the Western and Northern Districts of Texas, Defendants,

,

aided and abetted by each other, and others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A), and Title 18, United States Code, Section 2

## COUNT EIGHT
[Possession with Intent to Distribute Methamphetamine]
[21 U.S.C. §§ 841(a)(1) & (b)(1)(C) & 18 U.S.C. § 2]

That on or about May 27 to May 28, 2023, in the Western and Northern Districts of Texas, Defendant,

■▬▬▬▬▬▬ ▬▬▬▬▬,

aided and abetted by others, did knowingly, intentionally, and unlawfully, possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C), and Title 18, United States Code, Section 2

## COUNT NINE
[Identity Theft]
[18 U.S.C. §§ 1028(a)(7) & (b)(3)(A) & 18 U.S.C. § 2]

That on or about February 28, 2023 to March 6, 2023, in the Western District of Texas and

Case 5:23-cr-00206-JKP Document 25 Filed 11/01/23 Page 11 of 14

the Northern District of Texas, Defendants,

█████████████

(9) ASHLEY MARIE ARRIAGA aka "ASHLEY ZAVALA",

aided and abetted by each other, and others, did knowingly transfer, possess, and use, in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, that is, their name, date of birth, and social security number, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and the offense was committed to facilitate a drug trafficking crime as defined under 18 U.S.C. § 929(a)(2), in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(3)(A), & 2.

## NOTICE OF PENALTY ENHANCEMENTS
### [21 U.S.C. § 851]

Before the Defendant, ███████████████, committed the offenses charged in this Indictment, ███████████████ had a final conviction for a serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Murder, under Texas Penal Code, Section 19.02(b)(1), for which he served more than 12 months of imprisonment.

Before the Defendant, ███████████████ committed the offenses charged in this Indictment,  had a final conviction for a serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Aggravated Robbery, under Texas Penal Code, Section 29.03, for which he served more than 12 months of imprisonment.

Before the Defendant, ███████████████, committed the offenses charged in this Indictment, ███████████████ had a final conviction for a

serious violent felony, as defined in 21 U.S.C. § 802(58), namely, Aggravated Robbery, under Texas Penal Code, Section 29.03, for which he served more than 12 months of imprisonment.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)/(C), subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> > **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

### II.
### Money Laundering Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 1956(h), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violation set forth above, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### III.
### Identity Theft Violations and Forfeiture Statutes
[Title 18 U.S.C. § 1028(a)(7), (b)(3)(A), subject to forfeiture pursuant to
Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B)]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B), which state:

**Title 18 U.S.C. § 1028 Fraud and related activity in connection with identification document, authentication features and information**
\* \* \*
(b) The punishment for an offense under subsection (a) of this section is—
\* \* \*
(5) in the case of any offense under subsection (a), forfeiture to the United State of any personal property used or intended to be used to commit the offense; and . . .

**Title 18 U.S.C. § 982. Criminal forfeiture**
\* \* \*
(a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*
(B) section . . . 1028 . . . of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes, but is not limited to, the following:

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇:
1. $6,500.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
1. Any and all funds in Texas Department of Criminal Justice Trust Fund Bank Account ▇▇▇▇▇▇▇▇
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

█ ███████████:
1. $3,851.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

█ ████████ █████:
3. $12,589.00, more or less, in United States Currency;
4. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

█ ████████ █████:
1. Any and all funds in Chase Bank Account Number xxxxxx7576;
2. Any and all funds in Woodforest Bank Account Number xxxxxx2999; and
3. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

█ ███████████:
1. $3,851.00, more or less, in United States Currency;
2. Any and all property, real or personal involved in or used in the commission of the criminal offenses.

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: *[signature]*
FOR BRIAN NOWINSKI
Assistant United States Attorney